UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 15-9796 FMO (GJSx) | Date | March 17, 2016 |
|---|---|---|---|
| Title | Joseph Urbanczyk v. Wilson Sporting Goods et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  
None Present

Attorney Present for Defendant(s):  
None Present

**Proceedings:**     (In Chambers) Order Re:  Remand

On November 6, 2015, plaintiff Joseph Urbanczyk ("plaintiff") filed a class action Complaint in the Los Angeles County Superior Court against Wilson Sporting Goods Co. ("Wilson"), and Does 1-10 (see Dkt. 1, Notice of Removal of Defendants Wilson Sporting Goods Co. ("NOR"); Dkt. 1-1, Exhibit ("Exh.") A ("Complaint"), asserting claims for (1) declaratory relief; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (3) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.; and (4) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.. (See Dkt. 1-1, Complaint at ¶¶ 20-48).  The gist of plaintiff's Complaint is that Wilson engages in unlawful, unfair, and deceptive practices with respect to the sale of cans of tennis balls marked "U.S. Open Official Ball," which plaintiff alleges are not the balls actually used at the U.S. Open tennis tournament.  (See id. at ¶ 1).  According to plaintiff, "Wilson's advertising, on these cans of tennis balls, and in print and on the internet, falsely conveys that these tennis balls are in fact the same tennis balls as the tennis balls that are used by professional players at the U.S. Open." (Id.).  Plaintiff seeks to represent a class of California consumers that purchased such tennis balls in the four years prior to the filing of the Complaint.  (See id. at ¶¶ 12-13).  With respect to the UCL, FAL, and CLRA claims, plaintiff seeks injunctive relief and restitution (see id. at ¶¶ 31, 39 & 47), as well as attorney's fees and costs.  (See id. at ¶¶ 32, 40 & 48; see also id. at pp. 8-9) (Prayer for Relief).

On December 21, 2015, Wilson removed the action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (See Dkt. 1, NOR at ¶ 2).  On January 5, 2016, the court issued an order to show cause ("OSC"), questioning "whether the claims of the individual class members exceed $5,000,000 in the aggregate."  (See Dkt. 10, Court's Order to Show Cause of Jan. 5, 2016, at 1).  Wilson responded to the OSC (see Dkt. 15, Defendant's Response to Order to Show Cause Re: Remand ("Response")), and plaintiff filed a reply.  (See Dkt. 20, Plaintiff's Reply to Defendant's Response to OSC Re: Remand ("Reply")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-9796 FMO (GJSx)** | Date | **March 17, 2016** |
|---|---|---|---|
| Title | **Joseph Urbanczyk v. Wilson Sporting Goods et al.** | | |

### LEGAL STANDARD

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court. See 28 U.S.C. § 1441(a) ("[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010); see Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements[.]"). Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014). However, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) ("The burden of establishing federal jurisdiction is upon the party seeking removal[.]"). "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). "When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5 million, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." Ibarra, 775 F.3d at 1197. "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Id. at 1198.

### DISCUSSION

I.  CAFA.

In its Response, Wilson submits the declaration of its Finance Director for the Racket Sports division, and contends that the amount in controversy is $5,113,295. (See Dkt. 15, Response at 4-5; Dkt. 15-1, Declaration of Jay Jelinek ("Jelinek Decl.") at ¶¶ 8-13). Although

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-9796 FMO (GJSx)** | Date | **March 17, 2016** |
|---|---|---|---|
| Title | **Joseph Urbanczyk v. Wilson Sporting Goods et al.** | | |

Wilson notes that plaintiff seeks "restitution" in connection with his UCL, FAL, and CLRA claims, Wilson fails to identify the applicable measure of damages for these claims. (See, generally, Dkt. 15, Response). Instead, Wilson relies, without explanation, on its revenues and the profit margins of its retailers as the appropriate measure of "damages" or the amount in controversy. (See, generally, id.; Dkt. 15-1, Jelinek Decl. at ¶¶ 8-13). More specifically, Wilson arrives at the $5.1 million figure based on an estimated percentage of sales to California retailers, Wilson's wholesale price, and an estimated profit margin applied by its retailers (since Wilson does not sell directly to consumers). (See Dkt. 15, Response at 4-5; Dkt. 15-1, Jelinek Decl. at ¶ 13). Under the circumstances, the court finds that Wilson has failed to meet its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $5 million, as its calculations are faulty and unsupported by the record. See Paz v. Playtex Prods., Inc., 2008 WL 111046, *3 (S.D. Cal. 2008) (rejecting removing defendant's position that prayer for restitution "necessarily results in the gross sales revenue as the appropriate measure of damages").

As plaintiff notes, the tennis balls at issue, which were allegedly falsely advertised as those used at the U.S. Open, are "not completely worthless to the putative class members." (See Dkt. 20, Reply at 2-3). Indeed, the balls are not alleged to be defective in any manner.[1] (See, generally, Dkt. 1-1, Complaint). Plaintiff is seeking only "the excess amount [paid by California consumers] attributable to the false representation" that the tennis balls are the same ones used by players during the U.S. Open. (See Dkt. 20, Reply at 3). In other words, plaintiff is seeking a return of the "premium" paid for such balls. Wilson has made no attempt to show the premium paid by California consumers for tennis balls adorned with the U.S. Open label. Instead, it merely sets forth an amount based on its estimated wholesale revenues, along with the profit margins applied by third-party retailers. Wilson provides no authority or support for use of such an inflated figure. Nor, as noted above, has Wilson identified the proper measure of damages or restitution in this case. As such, Wilson has failed to meet its burden of showing, by a preponderance of the evidence, that the CAFA amount in controversy is met in this case. See, e.g., Paz, 2008 WL 111046, at *3 (remanding due to defendant's failure to identify legal authorities and provide factual support for its damages assessment); Abrego, 443 F.3d at 685 ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.").

II.     TITLE 28 U.S.C. § 1443.

Wilson removed the action pursuant to CAFA, and included references to 28 U.S.C. § 1453. (See Dkt. 1, NOR at ¶ 2). In its Response, it goes farther and contends that removal pursuant to 28 U.S.C. § 1453 was proper based simply on the minimal diversity of the parties. (See Dkt. 15, Response at 5-7). According to Wilson, § 1453 permits removal of a class action, whether or not

---

[1] This is not a case where the product failed to perform as advertised. For instance, a consumer who failed to lose any weight after purchasing and using a weight-loss product may find the product to be completely worthless and of zero value.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-9796 FMO (GJSx)** | Date | **March 17, 2016** |
|---|---|---|---|
| Title | **Joseph Urbanczyk v. Wilson Sporting Goods et al.** | | |

it complies with CAFA. (See id.). Specifically, Wilson contends that the "best reading of §1453 is as a broad authorization of federal removal jurisdiction over class actions in which the parties are minimally diverse." (Id. at 5). The court finds Wilson's position meritless, particularly since its reading would render the CAFA statute meaningless. CAFA expanded federal subject matter jurisdiction over class actions, see Shell Oil Co., 602 F.3d at 1090-91, and § 1453 governs removal of such actions. That section provides an exception to the one-year limitation to removal, see 28 U.S.C. § 1453(b); appellate review of remand orders, see id. at § 1453(c); and exceptions to removal of certain class actions. See id. at § 1453(d); see also Blackrock Fin. Mgmt. Inc. v. Segregated Account of Ambac Assurance Corp., 673 F.3d 169, 175-76 (2nd Cir. 2012) (discussing § 1453); Newberg on Class Actions § 6:15, at 547-550 (West 2012). It does not provide a separate basis for jurisdiction. See, generally, 28 U.S.C. § 1453.

Instead, a non-CAFA class action may be removed when diversity jurisdiction exists, see 28 U.S.C. 1332(a),[2] or a federal claim is asserted. See id. at § 1331. In class action litigation, diversity jurisdiction is established where at least one class member is diverse from the defendant and no named plaintiff is non-diverse, see Snyder v. Harris, 394 U.S. 332, 340, 89 S.Ct. 1053, 1059 (1969) ("[I]f one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant[.]"); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021 n. 4 (9th Cir. 2007), and at least one of the named plaintiffs meets the $75,000 amount in controversy requirement. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549, 125 S.Ct. 2611, 2615 (2005) ("[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 [] authorize[s] supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount[.]"). Here, Wilson makes no mention of the amount in controversy with respect to plaintiff's individual claims, (see, generally, Dkt. 15, Response), and no federal claims are asserted in the Complaint. (See, generally, Dkt. 1-1, Complaint).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be remanded to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for

---

[2] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **CV 15-9796 FMO (GJSx)** | Date | **March 17, 2016** |
|---|---|---|---|
| Title | **Joseph Urbanczyk v. Wilson Sporting Goods et al.** | | |

lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    2.  The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |